**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---------------------------------------------------------x

WINET LABS LLC,

    Plaintiff,

        v.

MOTOROLA MOBILITY LLC,

    Defendant.

---------------------------------------------------------x

Case No. 1:20-cv-01094

Honorable Harry D. Leinenweber

## OPPOSITION TO MOTION TO DISMISS BY WINET LABS LLC

Matthew M. Wawrzyn (ARDC#6276135)
matt@wawrzynlaw.com
WAWRZYN LLC
2700 Patriot Blvd., Suite 250
Glenview, IL 60026
(847) 274.9844

*Counsel for WiNet Labs LLC*

## Introduction

WiNet Labs LLC ("WiNet") owns a patent covering methods for, among other things, forming ad-hoc networks. WiNet alleges that Motorola Mobility LLC ("Motorola") uses "Mobile Hotspot" software that practices each step of the patented method.

For example, an asserted patent claim recites the step of "electing a coordinating node among a plurality of nodes." WiNet alleges that the Motorola software elects a Motorola smartphone the coordinating node in a network comprised of the phone and a laptop computer.

The method claim recites other steps, all performed by one party to form an ad-hoc network. WiNet alleges that Motorola—through its software—performs each step of the patented method.

Motorola's motion to dismiss is based on two inaccuracies. *First*, Motorola argues that WiNet accuses Motorola phones. As stated above and alleged in the Complaint, WiNet accuses the Motorola software "Mobile Hotspot" of performing each step of the patent claims. WiNet does *not* accuse Motorola phones of infringement.

*Second*, Motorola argues that the owner of the Motorola phone or the owner of the laptop is a required party to practice WiNet's patented method. This is not

true, and it is not reflected in the Complaint. The Motorola software, not the phone and not the phone's user, performs the act of "electing the coordinating node" between the phone and the laptop. No user action is alleged in the Complaint.

Motorola owns the software. WiNet alleges that the software practices each step of the method.

WiNet respectfully requests that the Court assume the truth of WiNet's allegations. Motorola software performs each step of the patented method. The Court should enter an order denying the motion to dismiss.

## Complaint

WiNet accuses Motorola's "Mobile Hotspot" service of infringing Claim 1 of U.S. Patent No. 7,593,374 (the "'374 patent"). (Doc. 1 (Compl.) ¶ 10.)[1] The Complaint alleges that Motorola uses the "Mobile Hotspot" service. (*Id.*) Motorola delivers the "Mobile Hotspot" service through software that Motorola owns and controls. (*Id.*) WiNet references the End User License Agreement, alleging that Motorola licenses the "Mobile Hotspot" software to its customers. (*Id.*)

The Claim 1 preamble introduces the method as a "method for forming an ad-hoc network with a plurality of nodes . . . ." (Doc. 1 (Compl.) ¶ 11.) WiNet

---

[1] WiNet inadvertently omitted attaching the '374 patent to the Complaint. WiNet thanks Motorola for attaching the '374 patent as Exhibit A to the motion to dismiss. (Dkt. No. 17 (Mem.).)

alleges that Motorola's software performs each step of the Claim 1 method for forming the ad-hoc network among a Motorola smartphone and a laptop computer. (*Id.*)

Claim 1 of the '374 patent recites an "electing" step—which includes within it the sub-steps of "emitting pings," "broadcasting a tag," and "sending out an election-ballot packet." (Doc. 1 (Compl.) ¶¶ 12, 15-17.) WiNet alleges that Motorola's software performs each "electing" step.

"The 'Mobile Hotspot' service on the Motorola smartphone is comprised of software, and this service performs each step of the Claim 1 method." (Doc. 1 (Compl.) ¶ 12.)

The Complaint alleges that "emitting a ping" is an act performed by Motorola's software: "A 'ping' is a computer network administration software utility that is used to test the reachability of a host on an Internet Protocol (IP) network." (Doc. 1 (Compl.) ¶ 15.) "The 'Mobile Hotspot' service running on the Motorola smartphone emits pings to locate other devices within the smartphone's radio range. The 'Mobile Hotspot' service running on the smartphone in fact located the laptop computer as being within radio range, as evidenced by a display on the smartphone that the laptop was within radio range." (*Id.*)

No user action is alleged. Not the user of the smartphone. Not the user of the

laptop. The software is alleged to perform each step.

WiNet alleges that Motorola's software performs the act of broadcasting tags: "to elect the initiating telephone as the coordinating node, a tag is broadcasted from each of the telephone and the laptop computer to identify each device. Also, to elect the initiating telephone as the coordinating node, an election-ballot packet is sent by and among the initiating telephone and the laptop computer—i.e., a block of data is sent that governs the election of the initiating telephone as the coordinating node." (Doc. 1 (Compl.) ¶ 16.)

Claim 1 of the '374 patent also requires that the broadcasted tags include serial numbers, which must form the basis of electing the coordinating node. (Doc. 1 (Compl.) ¶ 17.) "The tag associated with the initiating telephone includes the telephone's serial number. The initiating telephone is elected the coordinating node based on its serial number." (*Id.*)

The Claim 1 method includes the coordinating node, once elected, assigning an ad-hoc network address to each of the other nodes. Again, WiNet alleges that it is the Motorola software that performs this act: "The initiating telephone assigns the name 'Mobile Hotspot 1' as an ad-hoc network address and with this ad-hoc address recognizes the participation of the laptop computer in the network." (Doc. 1 (Compl.) ¶ 13.)

Finally, the Claim 1 method includes the coordinating node, once elected, assigning a local address to each of the other nodes. Again, WiNet alleges that it is the Motorola software that performs this act: "The 'Mobile Hotspot' service uses each device's MAC address as the unique element that sets that device's position within the ad-hoc network." (Doc. 1 (Compl.) ¶ 14.)

WiNet alleges that the Motorola software infringes dependent Claims 2, 3, 4, 12, and 13 of the '374 patent. (Doc. 1 (Compl.) ¶¶ 18-21.) Each allegation is directed to the Motorola software, *not* Motorola phones. Each allegation recites acts of the software, not the phone, the laptop, or a user: "Through the operation of the 'Mobile Hotspot' service, the initiating telephone communicates data between itself and the laptop computer in a sequential cycle." (*Id.* ¶ 20.)

## Argument

### *Standard of Review*

"To avoid dismissal, [the] complaint must contain allegations that 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Id.*" *McCauley v.*

*City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011).

## I. WINET STATES A CLAIM AGAINST MOTOROLA BECAUSE WINET ALLEGES THAT MOTOROLA'S SOFTWARE PERFORMS EACH STEP OF THE METHOD.

Claim 1 of the '374 patent covers one actor. The method includes three actions that comprise the "electing" step—"emitting pings," "broadcasting a tag," and "sending out an election-ballot packet." The Complaint alleges that Motorola's software performs each such action. (Doc. 1 (Compl.) ¶¶ 12, 15-17.)

Also, Claim 1 covers assigning ad-hoc network and local addresses, and the Complaint alleges that the same Motorola software performs these acts of assigning. (*Id.* ¶¶ 13, 14.)

"The 'Mobile Hotspot' service on the Motorola smartphone is comprised of software, and this service performs each step of the Claim 1 method." (Doc. 1 (Compl.) ¶ 12.)

Claim 1 of the '374 patent is similar to the method claim at issue in *SiRF Tech Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010). There, the Court of Appeals affirmed the International Trade Commission's determination that the defendants infringed method claims, holding in part, "the method claims at issue here are drawn to actions which can be performed and are performed by a single

party. As they do not require that any of the steps be performed here by customers or the end users, and the disputed steps are not in fact performed by third parties, we conclude that [the defendant] infringes." *Id.* at 1329.

In that case, the defendants relied on the end user's action of "enabling" or "activating" the device so that the device could perform the asserted method. *SiRF*, 601 F.3d at 1331. "[Defendants'] argument misreads the claim limitations. There exists no method step in any of the disputed claims that requires 'enabling' or 'activating' the devices that perform these claim limitations." *Id.* "Once the technology is enabled, [the accused chip and software], designed and built by [the defendant] automatically perform the disputed steps of the claims at issue . . . ." *Id.* "Neither [the defendant's] customers . . . nor the end users of the GPS receivers can modify the use of the EE files by [the defendant's] software . . . ." *Id.*

The defendant in *SiRF* was liable for the software that the defendant designed and built. As Motorola does here, the defendant pointed to the end-user device on which the defendant's software ran. As Motorola does here, the defendant pointed to the actions of the end user.

The Federal Circuit rejected both of these arguments.

The software, not the device, performed the method steps. The software, not the end user, performed the method steps. For the same reasons, this Court should

deny the motion to dismiss. WiNet alleges that the software—not the device, not the end user—performs the method steps.

There is no support in the Complaint for this statement: "WiNet alleges infringement based on the mere sale of the smartphone." (Dkt. No. 17 (Motorola Mem.) at 5.)

WiNet accuses the software, not phones. Motorola does not cite to the Complaint. Motorola reports the allegations of the Complaint in half of a page in its brief. (Dkt. No. 17 (Motorola Mem.) at 2-3.) Instead, Motorola ignores that WiNet accuses the software, and misstates that WiNet accuses the phones.

*Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008), does not support the motion to dismiss. There, the Federal Circuit held that the sale of software is *not* an infringing act of a method claim. *Id.* at 1335. The Complaint alleges that Motorola owns the accused software, licensing the accused software to the end user. (Doc. 1 (Compl.) ¶ 10.)

*Ericsson v. D-Link Sys., Inc.*, 773 F.3d 1201 (Fed. Cir. 2014), does not support the motion to dismiss. In that case, the Federal Circuit reaffirmed that sale of a product that performs a method is *not* an infringing act. *Id.* at 1221.

To repeat, WiNet accuses the Motorola software that Motorola owns. Motorola owns the accused software and licenses the software to the end user.

WiNet alleges in the Complaint that Motorola's software practices each step of the '374 patent's method.

*Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299 (Fed. Cir. 2006), does not support the motion to dismiss. The Federal Circuit held that a device having a capacity to practice a method was not enough. The method must be performed. *Id.* at 1311. Again, WiNet alleges that the Motorola software performs each step of the claimed method.

Motorola, throughout its brief, characterizes the accusation as Motorola distributing software. (*See, e.g.*, Dkt. 17 (Motorola Mem.) at 10.) This is inaccurate. WiNet alleges that Motorola owns the software. (Dkt. 1 (Compl.) ¶ 10.) WiNet alleges that Motorola licenses the software. (*Id.*) Motorola faults the pleading for merely alleging the existence of a license of the Motorola software. (Dkt. 17 (Motorola Mem.) at 8.) The existence of the license is the necessary allegation. Motorola owns the accused software. Motorola licenses that software.

*Deep9 Corp. v. Barnes & Noble, Inc.*, No. 11 C 0035, 2012 WL 4336726 (W.D. Wash Sept. 21, 2012), does not support the motion to dismiss. Instead, *Deep9* illustrates why this Court should deny the motion to dismiss.

The patent claims in *Deep9* included steps of "downloading" and "updating." *Id.* at *9. The patent owner in *Deep9* conceded that the user of the e-reader

practiced the steps of "downloading" and "updating." *Id.*

None of the steps in the '374 patent requires user action. No user action is alleged in the Complaint.

This case does not present the issue of *Deep9*—whether the defendant controlled the acts of the user. The district court in *Deep9* held that the defendant's ownership of the software was irrelevant to whether the defendant "controlled" the user taking the steps of "downloading" and "updating."

Here, unlike *Deep9*, Claim 1 does not involve user action. There is no issue of whether Motorola does or does not have control of the user. The user is not involved in the claim steps. The user is irrelevant to this case. Motorola owns the software. The software infringes.

*Centillion Data Sys., LLC v. Qwest Comm'n*, 631 F.3d 1279 (Fed. Cir. 2011), does not support the motion to dismiss. That case relates to system claims, not method claims. Moreover, Motorola is alleged to own the software. Motorola is not alleged to sell, distribute, or supply the software.

WiNet does not accuse Motorola phones or third-party laptops. WiNet accuses the Motorola software. Because the accusation is only against Motorola software, Motorola's arguments regarding notice of products and third-party laptops lack merit. (Dkt. 17 (Motorola Mem.) at 10-13.)

Date: <u>June 18, 2020</u>  Respectfully Submitted,

*/s/ Matthew M. Wawrzyn*
Matthew M. Wawrzyn (ARDC#6276135)
*matt@wawrzynlaw.com*
WAWRZYN LLC
2700 Patriot Blvd, Suite 250
Glenview, IL 60026
847.274.9844

*Counsel for WiNet Labs LLC*