IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WiNET LABS, LLC,<br><br>             Plaintiff,<br><br>    v.<br><br>MOTOROLA MOBILITY, LLC,<br><br>            Defendant. | Case No. 20 C 1094<br><br>Judge Harry D. Leinenweber |

# ORDER

Defendant Motorola Mobility, LLC's Motion to Dismiss (Dkt. No. 16) is granted. Plaintiff WiNet Labs, LLC's Complaint (Dkt. No. 1) is dismissed with prejudice.

## I.  BACKGROUND

All claims in the Complaint, see Dkt. No. 1, are taken as true for the purpose of this Motion to Dismiss. This is a patent infringement case. Plaintiff WiNet Labs LLC ("WiNet") owns U.S. Patent No. 7,593,374 ("the '374 Patent"). The '374 Patent purports to invent a "method for forming an ad-hoc network with a plurality of nodes." ('374 Patent at 8:49–50, Ex. A to Def.'s Mot. to Dismiss, Dkt. No. 17-1.) Nodes are combinations of hardware and software "either connected to . . ., or embedded in, an electronic device." (*Id.* at 2:17–35.) A node "enables the electronic device to send data to, and receive data from, other electronic devices that are equipped with nodes." (*Id.* at 2:35–37.) To form an ad-

hoc network, each node emits "pings" to "locate other nodes" within "a given radio range." (*Id.* at 2:54–59.) When two or more nodes find each other, one node becomes the "coordinating node." (*Id.* at 2:61–64.) The coordinating node manages the connection between the nodes by, among other things, allocating bandwidth between nodes. (*Id.* at 3:16–39.)

The '374 Patent makes 20 claims; here, Claims 1-4, 12, and 13 are at issue. Each claim involves a method, rather than an apparatus or system claim. A method claim describes what is done to a piece "to achieve the useful result claimed." "Patent Claim," *Black's Law Dictionary* (11th Ed. 2019). The claims at issue involve the methods for electing a coordinating node and for managing the connections between nodes. (*See* '374 Patent at 8:49–67, 9:1–12, & 10:3–6 (*e.g.*, Claims 12 & 13 claim methods "wherein the coordinating node recognizes that a node wants to" join and leave the network).)

WiNet alleges that Defendant Motorola Mobility ("Motorola") infringes on the '374 Patent through software on its smartphones. Specifically, Motorola infringes Claim 1 of the '374 Patent when Motorola "makes, uses, and sells its 'Mobile Hotspot' service." ("Hotspot") (Compl. ¶ 10.) Motorola delivers the Hotspot through "software within the possession, custody, and control of Motorola," not Motorola's product users. (*Id.*) Motorola owns and controls Hotspot and the associated software, while "granting a

- 2 -

license to the software to the Motorola device user." (*Id.*) The Hotspot, WiNet alleges, executes the same patented functions as described in the '374 Patent: it emits pings to find other devices within radio range, allocates bandwidth, communicates data, and recognizes when a device leaves or joins an ad-hoc network. (*Id.* ¶¶ 13-21.)

WiNet demands judgment that Motorola has directly infringed Claims 1-4, 12 & 13 of the '374 Patent, a reasonable royalty, pre- and post-judgment interest, and an injunction. Motorola moves to dismiss with prejudice.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). To overcome a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). When considering a 12(b)(6) motion to dismiss, the Court must "accept[] as true all well-pleaded facts alleged, and

draw[] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

### III. DISCUSSION

Motorola disputes that its Hotspot executes every step of the Claims in the '374 Patent—as WiNet alleges—but concedes that the Court must assume it does at this procedural posture. Nevertheless, Motorola argues that even assuming the Hotspot executes the steps in the Claims, WiNet's theory fails as a matter of law.

WiNet alleges that "the software—not the device, not the end user—performs the method steps," and infringes the Patent. (Resp. at 9, Dkt. No. 22.) But people, not machines, infringe patents. *See* 35 U.S.C. § 271(a) ("*whoever* without authority makes . . . any patented invention") (emphasis added); *Sentius Int'l, LLC v. Apple Inc.*, No. 4:20 CV 00477-YGR, 2020 WL 2850286, at *4 (N.D. Cal. June 2, 2020) ("Devices do not use a method for purposes of patent infringement—people do."). Assuming that the software does perform the method steps, Motorola correctly points out that the fundamental question for this Motion is whether Motorola or the end user is the direct infringer.

"[S]oftware is not itself a sequence of actions, but rather it is a set of instructions that directs hardware to perform a sequence of actions." *Ricoh Co. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). "[T]he actual carrying out of the instructions," or hardware performance, is required to infringe a

method claim. *Id.* WiNet argues that the *software alone* infringes the method claim, a legal impossibility. This alone requires dismissal of WiNet's claim.

But there is more. Motorola argues that even if the Court assumed that WiNet meant that Motorola's software instructed the hardware to infringe the Patent—and WiNet does not so claim—the claim would still fail as a matter of law, and that this necessitates dismissal with prejudice. The Court agrees.

Necessary for WiNet's claim is that Motorola "controls" the software. But simply claiming that Motorola "controls" the software is not enough, particularly when it is obvious that end users are the ones using the Hotspot. Motorola's phones are sold to consumers, and the consumers use the software to create Hotspots on their phones. Motorola clearly does not control the software or choose when Hotspots are created, and simply selling the phones with software installed that can perform the patented steps is not infringement. This is because the Federal Circuit has held that a manufacturer is not liable for the steps performed by its device after the device is sold to end-users, even when the steps are performed automatically. *Ericsson Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1220 (Fed. Cir. 2014). Moreover, where an "end user product . . . performs the entire method," the seller is not liable. *Id.* at 1222.

Thus, WiNet does not state a claim and cannot easily amend its Complaint to state a claim. Dismissal with prejudice is proper when "any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). That is the case here. Accordingly, WiNet's Complaint must be dismissed with prejudice.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendant Motorola's Motion to Dismiss (Dkt. No. 16) is granted. Plaintiff WiNet's Complaint (Dkt. No. 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

Dated: 8/4/2020