NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WINET LABS LLC,**
*Plaintiff-Appellant*

v.

**MOTOROLA MOBILITY LLC,**
*Defendant-Appellee*

---

2020-2235

---

Appeal from the United States District Court for the Northern District of Illinois in No. 1:20-cv-01094, Senior Judge Harry D. Leinenweber.

---

Decided: April 12, 2021

---

MATTHEW MICHAEL WAWRZYN, Wawrzyn LLC, Chicago, IL, for plaintiff-appellant.

LOUIS A. KLAPP, Riley Safer Holmes & Cancila LLP, Chicago, IL, for defendant-appellee. Also represented by STEPHEN MAXWELL HANKINS, San Francisco, CA.

---

Before NEWMAN, MOORE, and TARANTO, *Circuit Judges.*

Case: 23-2235    Document: 36    Page: 2    Filed: 04/12/2024
Case 1:20-cv-02235 Document #: 30 Filed: 02/12/2021 Page 2 of 7 PageID #:442

2                    WINET LABS LLC v. MOTOROLA MOBILITY LLC

TARANTO, *Circuit Judge*.

WiNet Labs LLC—a Wyoming corporation that we will call simply "WiNet"—sued Motorola Mobility LLC for infringement of WiNet's U.S. Patent No. 7,593,374. The district court granted Motorola's motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. WiNet has appealed the dismissal. After the district court dismissed under Rule 12(b)(6), however, Motorola, in the course of seeking an award of attorney's fees, suggested that WiNet did not own the '374 patent and thus lacked Article III standing to bring this action from the outset. In the submissions on the fees motion, the parties produced evidence on the issue of ownership, including two assignments, that the district court did not have a chance to address before entering the merits judgment now on appeal. Because the evidence raises a serious question about WiNet's standing, we vacate the judgment and remand so that the district court may decide in the first instance whether WiNet had Article III standing when it filed the present action and, if so, whether it still does.

I

A

On February 14, 2020, WiNet sued Motorola, alleging that Motorola was infringing the '374 patent. J.A. 7–12 (Complaint). In its complaint, WiNet alleged that it was "the exclusive owner of the '374 patent" but did not assert specific facts or attach evidence in support of the ownership allegation. Complaint, ¶ 8.

About ten weeks later, on May 27, 2020, Motorola moved to dismiss the suit under Rule 12(b)(6) on the ground that the complaint did not state facts that gave rise to a plausible inference of infringement alleged. Motorola did not move under 12(b)(1) to dismiss the suit for lack of subject-matter jurisdiction, question WiNet's ownership of the '374 patent, or mention Article III standing. That

remained true throughout the 12(b)(6) briefing.  On August 4, 2020, the district court granted Motorola's motion and dismissed the case with prejudice.  J.A. 6.

Two weeks later, on August 18, 2020, Motorola moved for attorney's fees.  In its motion, Motorola for the first time questioned, somewhat indirectly, WiNet's ownership of the '374 patent.  *See* ECF No. 28 at 3 & n.3.  It stated that WiNet "allegedly purchased" the patent from a separate company, M-Labs, Ltd., *id.* at 3, but it added that the U.S. Patent and Trademark Office's publicly available assignment database still lists M-Labs, Ltd. as the assignee of the patent, *id.* at 3 n.3 (citing ECF No. 28-4 (Exhibit 3)).

On September 2, 2020, the day after the notice of appeal of the Rule 12(b)(6) dismissal was filed, WiNet opposed the fees motion.  ECF No. 31.  In its opposition brief, WiNet made no argument about ownership, but it attached a declaration stating that "WiNet owns the patent-in-suit" and included "a true and correct copy of the assignment agreement according to which WiNet holds title in the '374 patent."  ECF No. 31-1, ¶ 2 (Exhibit A, Wawrzyn Declaration); ECF No. 31-2 (Exhibit 1).  That assignment carries signatures from March and April 2019, which is before WiNet filed this suit.  ECF No. 31-2.

The 2019 assignment identifies plaintiff-appellant WiNet Labs LLC, a Wyoming corporation (which we have called simply "WiNet"), as the 2019 assignee.  *Id.*  But the 2019 assignment does not identify as the assignor the British Virgin Islands corporation originally called "M-Labs, Ltd." (with a name change to "WiNet Labs Ltd." in 2008) to which, the parties agree, the inventors had earlier assigned all rights in the patent.  *See* WiNet Reply Br. at 3; ECF No. 34-4 (Exhibit 21); ECF No. 31-2.  Rather, the 2019 assignment states that the new assignment is being made by the five named inventors on the patent.  ECF No. 31-2.  The assignment declares that the named inventors "hold a reversionary right" in the '374 patent because ownership

"reverted to" the inventors when the British Virgin Islands corporation WiNet Labs Ltd., acknowledged to be the previous assignee, "ceased operations." *Id.* Nowhere in its opposition or in its exhibits did WiNet present facts or explanation supporting the asserted reversion of the patent from the earlier assignee to the inventors.

One week later, on September 9, 2020, Motorola filed its reply in support of its fees motion. Motorola directly contended that "WiNet never had standing to bring this case." ECF No. 34 at 1. In support, Motorola attached a May 1, 2005 assignment (obtained from the PTO) in which the five inventors assigned their "entire right, title and interest" in the '374 patent to M-Labs, Ltd. ECF No. 34-2. The 2005 assignment says nothing about reversion. Motorola argued that, with no evidence of any transfer of the patent back to the inventors from M-Labs, Ltd. (renamed WiNet Labs Ltd.), the inventors had nothing to assign in 2019, so WiNet could not and did not receive ownership from the inventors in 2019 and lacked standing to bring this action. ECF No. 34 at 1–3.

The district court stayed resolution of Motorola's motion for attorney's fees pending WiNet's appeal of the Rule 12(b)(6) dismissal to this court. ECF No. 35.

B

WiNet submitted its opening appellate brief on November 16, 2020, after the briefing for Motorola's motion for attorney's fees was completed. WiNet did not mention the ownership dispute or standing. Motorola in its response brief did. It argued that "WiNet does not own" the '374 patent, so "WiNet never had standing to bring this case in the district court, and it lacks standing now." Motorola Response Br. at 2; *see also id.* at 2–6. WiNet in its reply in this court did not dispute that the 2005 assignment document assigned the patent to M-Labs, Ltd., which then changed its name to "WiNet Labs Ltd." WiNet Reply Br. at 3. But WiNet set forth no additional facts or explanation

supporting its sole asserted basis for WiNet's ownership—namely, that ownership reverted to the inventors when WiNet Labs Ltd. ceased operations, the essential premise for the inventors' 2019 reassignment to WiNet. Specifically, WiNet provided no facts or explanation indicating how, despite the absence of any reversion language in the 2005 assignment, the inventors received ownership back from the 2005 assignee.

II

It is well-established that "every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it," and that the principle applies to the issue of Article III standing. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990). "To have standing, a plaintiff must 'present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling.'" *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2565 (2019) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008)).

Here, the only basis on which WiNet has asserted that the alleged infringement caused it an injury required for Article III standing is its asserted ownership of the '374 patent. We have now been presented with evidence that casts grave doubt on whether WiNet has any ownership interest in the patent. WiNet relies entirely on the 2019 assignment from the inventors, made after the acknowledged 2005 full assignment from the inventors to a separate entity (M-Labs, Ltd., renamed WiNet Labs Ltd.). The 2019 assignment depends, for its effectiveness in transferring ownership to WiNet, on WiNet's assertion that ownership had reverted to the inventors before the 2019 assignment.

But the 2005 assignment on its face says nothing about any reversion to the inventors. WiNet has not set forth any facts, explanation, or analysis of law (*e.g.*, law of a relevant jurisdiction bearing on the consequences of a cessation of business operations) indicating how such a reversion could have occurred or did occur. The record now before us creates a serious question about WiNet's Article III standing.[1]

Without deciding whether we could ourselves resolve the question, we vacate the judgment and remand so that the district court may address the Article III question. Motorola did not present the issue or relevant facts to that court before the dismissal on the merits. A remand will enable the district court to address WiNet's Article III standing in the first instance, using any appropriate procedures.

In vacating and remanding, we indicate no view about the merits of the Rule 12(b)(6) dismissal currently before us. Nor do we foreclose or invite consideration of matters beyond Article III standing. We also do not decide whether, if Article III standing is held to be absent, this case would fall within the general rule that a dismissal for want of standing is without prejudice, or whether an exception to that general rule would apply. *See, e.g., MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581–82 (7th Cir. 2019); *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013); *see also Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013)

---

[1] The ownership question that affects Article III standing here does not cover every statutory question relevant to "patentee" status affecting a plaintiff's right to sue for infringement, *see* 35 U.S.C. §§ 100(d), 281, such as whether a plaintiff "possesses all substantial rights in a patent," *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) (distinguishing constitutional from statutory requirements).

("Dismissals for want of federal jurisdiction normally are without prejudice (though even then, . . . the *ground* on which a court holds that it lacks jurisdiction may have a preclusive effect in future cases—at the least it will bar refiling the identical suit in the same court).").

## III

For the foregoing reasons, we vacate the judgment and remand.

**VACATED AND REMANDED**

COSTS

The parties shall bear their own costs.